IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TROY LEE BOONE, JR.,

                      Petitioner

           VS.

BRIAN OWENS,

                    Respondent

NO.  1:09-CV-67 (WLS)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

       Pending in this *pro se* prisoner action filed under 28 U.S.C. § 2254 are respondent's Motion to Dismiss (Tab #11) and petitioner's Motion for Entry of Default (Tab #18).

       On November 26, 2001, Petitioner Troy Lee Boone, Jr. was indicted by a Sumter County grand jury in case number 01R672 for possession of cocaine with intent to distribute and possession of marijuana. (Resp. Ex. D, at Resp. Ex. 1). He was also indicted in case number 01R673 for felony obstruction of an officer. (Resp. Ex D, at Resp. Ex. 3).  Following a jury trial in case number 01R673 in which he represented himself, he was found guilty and was sentenced on January 9, 2003, to a five-year "split" sentence, to serve one year with the balance on probation, with the sentence to run consecutively to others he was serving.  Petitioner pled guilty in case number 01R-672 on March 24, 2003, and was sentenced to a 20-year "split" sentence for possession of cocaine with intent to distribute, to serve 10 with the balance on probation; and to 12 months' imprisonment, concurrent, for possession of marijuana.  (Resp. Ex. D, at Resp. Exh. 1, 2).  Petitioner did not directly appeal any of his convictions and sentences.

Petitioner Boone executed a state habeas corpus petition challenging these convictions on September 9, 2004, and it was filed on October 1, 2004. (Resp. Ex. A).  The state habeas corpus court denied relief on May 28, 2008. (Resp. Ex. B).  Petitioner filed a certificate of probable cause to appeal the denial of state habeas corpus relief which the Georgia Supreme Court denied on January 12, 2009. (Resp. Ex. C).

Petitioner executed this federal habeas corpus petition on March 23, 2009.

### *Petitioner's Motion for Entry of Default (Tab #18)*

Petitioner files this Motion for the Entry of Default for "the respondent[sic] failure to timely make his oral arguments as directed by the Court by showing and stateing[sic] as follow: see petitioned state motion in default filed 2006 Oct. 2...."

There being no legal basis for the court herein to grant a motion regarding something that was filed in state courts,  petitioner Boone's Motion for the Entry of Default is **DENIED**.

### *Respondent's Motion to Dismiss (Tab #11)*

Respondent moves to dismiss the petition as untimely based upon the one-year statute of limitations under 28 U.S.C § 2244(d).  On April 24, 1996, the one-year period of limitations for state prisoners seeking federal habeas corpus relief, enacted as part of the AEDPA, went into effect. *Lindh v. Murphy*, 521 U.S. 320 (1997);

Section 2244(d) of the AEDPA provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted    toward any period of limitation under this subsection.

A conviction is "final" for habeas corpus review when direct review has concluded or the time for seeking further appellate review has expired.  *Clay v. United States*, 537 U.S. 522, 527 (2003).  *See also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) (a conviction is "final" for retroactivity purposes when the avenues for appellate review have been exhausted, including the denial by the United States Supreme Court of a petition for writ of certiorari or the time for seeking such review has expired).

*Jury Trial*

With respect to the jury trial conviction for felony obstruction, the final disposition and sentencing order was filed in the Superior Court Clerk's office on January 14, 2003. (Resp. Ex. D, at Resp. Ex. 3).  Petitioner Boone had 30 days in which to file a direct appeal from the conviction and sentence, see O.C.G.A. § 5-6-38(a), but he did not. Thus, his conviction was "final" 30 days after January 14, 2003, on February 13, 2003, when the time for filing a notice

of appeal expired.    Petitioner had one year from February 13, 2003, in which to file a federal petition attacking this conviction and sentence, or to toll the limitations period by filing a state collateral attack. While he filed a *state* collateral attack, he did not do so until October of 2004, well after the one-year limitation period had expired when there was no time left to toll. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

### Guilty Plea

Petitioner Boone pled guilty to possession of cocaine and possession of marijuana on March 24, 2003. (Resp. Ex. D, at Resp. Ex. 2). The order of final disposition and sentence was filed in the Superior Court Clerk's office on April 3, 2003.  (Resp. Ex. D, at Resp. Ex. 1). Petitioner's conviction was "final" on Monday, May 5, 2003, when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-5-38 expired.  Petitioner then had one year from that date in which to file a federal petition challenging the guilty plea convictions or toll the time by filing a state collateral attack.

Petitioner's state habeas corpus petition challenging these convictions was filed in October of 2004, well after the limitations period had expired when there was no time left to toll. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

4

Petitioner Boone states that he filed a direct appeal to the Supreme Court of Georgia on February 6, 2003, which was returned as petitioner had not properly filed the notice in the trial court. He also states that he filed a notice of appeal of the decision of the Sentence Review Panel to the Supreme Court of Georgia on December 1, 2003, but it was returned as there is not a procedure for appealing a ruling by that body; he further states that he filed an application for a discretionary appeal on December 17, 2003, which was apparently returned since no final judgment had been entered in the trial court. (Tabs #14, #16, and #17). However, petitioner has not attached any copies of any of these attempts on his part to file a direct appeal and has instead only made the unverified comments that he attempted to file a direct appeal.

Petitioner contends that he should be given equitable tolling based upon his claims of his attempts of file a direct appeal. In *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999), the United States Supreme Court stated that "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik*, 177 F.3d at 1271.

While equitable tolling is an "extraordinary remedy which is typically applied sparingly..... it can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *see also Sandvik*, 177 F.3d at 1271. (holding that the limitations period may be equitably tolled where "a movant untimely files because of *extraordinary circumstances* that are both beyond his control and *unavoidable even with diligence* " (emphasis added)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."

Because of the difficult burden, this Court has rejected most claims for equitable tolling. See, e.g., *Johnson v. United States*, 340 F.3d 1219 (11th Cir.2003) (holding that petitioner's inaction during the year after his conviction was affirmed on direct appeal did not justify equitable tolling); *Helton*, 259 F.3d at 1312 (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period); *Steed v. Head*, 219 F.3d 1298 (11th Cir.2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); *Sandvik, supra* (holding that attorney negligence will not warrant equitable tolling).

It is clear that petitioner did not timely file the instant petition. The undersigned finds that petitioner Boone is not entitled to equitable tolling as he could have found the proper procedure for filing a direct appeal in a timely manner and has therefore not shown due diligence or any other justification for equitable tolling.   Therefore, **IT IS RECOMMENDED** that respondent's Motion to Dismiss be **GRANTED** as the petition was untimely filed.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the RECOMMENDATION herein with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

SO ORDERED AND RECOMMENDED, this 3rd day of FEBRUARY, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE