IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TROY LEE BOONE, JR., | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 1:09-CV-67 (WLS) |
| | : | |
| BRIAN OWENS, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER**

Before the Court is a Report and Recommendation from United States Magistrate Judge Claude W. Hicks, Jr. filed February 3, 2010. (Doc. 19). It is recommended that Respondent's Motion to Dismiss Petition as Untimely (Doc. 11) be **GRANTED**. Plaintiff filed a Notice of Appeal on February 22, 2010.[1] (Doc. 20).

Judge Hicks found that Respondent's Motion to Dismiss should be granted since Petitioner's habeas corpus petition was untimely filed. (Doc. 19). Judge Hicks noted that Petitioner was indicted by a Sumter County grand jury in case number 01R672 for possession of cocaine with intent to distribute and possession of marijuana, and Petitioner was also indicted in case number 01R673 for felony obstruction of an officer. Id. Judge Hicks also noted that following a jury trial in case number 01R673, Petitioner was found guilty and was sentenced on January 9, 2003;[2] and Petitioner pled guilty in case number 01R672 on March 24, 2003[3] and was sentenced. Id. Judge Hicks found, in application of Section 2244(d) of the Antiterrrism and

---

[1] Since Petitioner seeks to appeal a non-final event (Recommendation) which is not subject to appeal, the Court construes Petitioner's Notice of Appeal (Doc. 20) as an objection to Judge Hicks's Recommendation (Doc. 19).

[2] Judge Hicks noted that the sentencing order was filed on January 14, 2003 in the Sumpter County Superior Court Clerk's office. (Doc. 19).

[3] Judge Hicks noted that the sentencing order in case 01R672 was filed in the Sumpter County Superior Court Clerk's office on April 3, 2003. (Doc. 19).

1

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), Petitioner's convictions were final on February 13, 2003 and May 5, 2003 for case 01R673 and case number 01R672, respectively; and, therefore, Petitioner had one year from each of those dates in which to file a federal habeas petition as to his convictions and sentences. Id. Judge Hicks found that although Petitioner filed a state habeas corpus petition on October 2004, the state habeas corpus petition's filing was after the AEDPA's statutory deadline and thus did not toll the deadline. Id. Judge Hicks also found that Petitioner's proffered explanations that he completed three separate filings were not credible since Petitioner did not attach any copies of his alleged filing attempts and only made unverified statements indicating that he completed the alleged filings. Id. Judge Hicks rejected Petitioner's statement that he filed a direct appeal to the Supreme Court of Georgia on February 6, 2003 which was returned for his failure to properly file notice in the trial court. Id. Judge Hicks also rejected Petitioner's proffered explanation that he filed a notice of appeal of the decision of the Sentence Review Panel to the Supreme Court of Georgia on December 1, 2003 but it was returned since there is no procedure for appealing a ruling by that body. Id. Judge Hicks rejected Petitioner's contention that he filed an application for a discretionary appeal on December 17, 2003 which should have been rejected since no final judgment had been entered in the Superior Court of Sumpter County. Id. Lastly, Judge Hicks found that Petitioner could not meet the requisite burden of establishing that the extraordinary remedy of equitable tolling should be applied to his petition since Petitioner could not show that extraordinary circumstances were present beyond Petitioner's control and were unavoidable even with diligence. Id. Thus, Judge Hicks found that Respondent's motion to dismiss should be granted. Id.

In objection (Doc. 20), Petitioner vigorously asserts that he completed the three alleged filings in 2003 and states that "the Court did not ask for any copies of any of these [documents]." Petitioner contends that he was asked to pay for documents when he requested their return.

2

Petitioner also proposes to have the Court review hand-written documents in place of copies from the official authorities he allegedly filed with.  The Court notes that Petitioner's filing is again not sworn and Petitioner also does not attach a copy of a document which asserted that his request for copies was denied since the request did not include payment for copies.  Thus, Petitioner's objection is without merit and establishes no basis for the Court to find that the AEDPA's statutory bar should be tolled and also does not establish a basis upon which the Court can disregard Judge Hicks's findings that Petitioner did not complete the alleged three filings prior to operation of the statutory bar.  Accordingly, Petitioner's objections contained within his Notice of Appeal (Doc. 20) are **OVERRULED**.

      Upon full review and consideration of the record, the Court finds that said Report and Recommendation (Doc. 19) should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, as modified, for reason of the findings made and reasons stated therein together with the findings made, reasons and stated conclusions reached herein.  Accordingly, Respondent's Motion to Dismiss Petition as Untimely (Doc. 11) is **GRANTED**.  Petitioner's petition (Doc. 1; Doc. 2) is **DISMISSED** as untimely.

      **SO ORDERED**, this  31st  day of March, 2010.

      /s/ W. Louis Sands_____
      **THE HONORABLE W. LOUIS SANDS,**
      **UNITED STATES DISTRICT COURT**